# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BRENDA SHAW, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No.  SA-06-CA-751-XR** |
| | ) | |
| **PHIL HARDBERGER, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

On this date, the Court considered Plaintiffs' amended motion to indefinitely stay case pending resolution of criminal prosecutions and request for emergency ruling.  Defendants have informed the Court that the motion is unopposed.  For the reasons discussed below, Plaintiffs' amended motion to stay is GRANTED (Docket No. 28), and Plaintiffs' original motion to stay is DISMISSED AS MOOT (Docket No. 27).   The proceedings in this case are STAYED pending resolution of the parallel state criminal proceedings against Plaintiffs.  Plaintiffs are ORDERED to file a report concerning the status of the parallel state criminal proceedings **every quarter, beginning on July 16, 2007.**  Failure to file these status reports might result in sua sponte dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978).

Plaintiffs have informed the Court that the following state criminal charges are currently pending against them: (1) Brenda Shaw is charged with misdemeanor interfering with the duties of a public official and felony assault on a public official; (2) Lakisha McAlister is charged with felony assault on a public official; and (3) Carl McAlister is charged with juvenile felony resisting arrest. These criminal charges arise from the same set of operative facts that underlie this civil lawsuit.

-1-

Plaintiffs argue that a stay is appropriate because of Fifth Amendment concerns and the recent Supreme Court case of *Wallace v. Cato*, 127 S. Ct. 1091 (2007).  In *Wallace*, the Supreme Court stated the following: "If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 1098.  Based on *Wallace* and *Heck*, the Court believes that a stay of this civil case pending the termination of the parallel state criminal proceedings is appropriate.

The Court also believes that a discretionary stay of this civil case is appropriate because of Fifth Amendment concerns.  A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require. *State Farm Lloyds v. Wood,* No. H-06-503, 2006 WL 3691115, *1 (S.D. Tex. Dec. 12, 2006); *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 269 (S.D.N.Y.1995) ("It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings"); *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (staying civil action until resolution of parallel criminal proceedings to "avoid duplication of effort and unnecessary litigation costs" and because "the outcome of the criminal case may encourage settlement" of the civil case).

In exercising its discretion to stay, a district court should consider the following factors: (1) the extent to which the issues in the criminal case overlap with the those presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused

by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095D, 2002 WL 31495988, at *1 (N.D. Tex. Nov. 5, 2002). If these factors show that discovery implicates the party's privilege, a court may stay discovery. *See id.* at *3.

"Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983) (citing *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)). "As the Fifth Circuit has instructed, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, 'Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed unstayed.'" *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss.1997) (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962) (citation omitted)).

The first factor to be resolved is the extent to which the issues in Plaintiffs' criminal cases will overlap with those in the present civil case, because self-incrimination is more likely if there is significant overlap. *See Volmar Distribs.*, 152 F.R.D. at 39. The Court finds that the criminal charges against Plaintiffs arise from the same set of operative facts that underlie this civil lawsuit. Because of the existence of this overlap, there is a danger of self-incrimination, which weighs heavily in favor of granting a stay. Civil proceedings, if not deferred, can undermine a defendant's rights, including the privilege against self-incrimination under the Fifth Amendment. *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003).

The second factor to be resolved is the status of the criminal proceedings. In this case, the

parties have informed the Court that the prosecutions are proceeding in state court, and it appears that the parties have been indicted. Thus, this factor weighs in favor of granting a stay. The third factor is inapplicable to this case because Plaintiffs have moved for the stay. The fourth factor is inapplicable to this case because Defendants are unopposed to the stay. In regard to the fifth factor, "all district courts have an interest in efficiently managing their dockets." *Wood*, 2006 WL 3691115, *3. If this civil action is stayed until the conclusion of the criminal proceedings, there is no need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case. *Id.* The outcome of the criminal proceedings may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case. *Id.* The fifth factor weighs in favor of granting a stay. Finally, in regard to the sixth factor, "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Javier H.*, 218 F.R.D. at 75. The sixth factor weighs in favor of granting a stay.

In conclusion, the relevant factors support staying this civil case pending resolution of the parallel state criminal proceedings. Consequently, the proceedings in this case are STAYED. Plaintiffs are ORDERED to file a report concerning the status of the parallel state criminal proceedings **every quarter, beginning on July 16, 2007.**

It is so ORDERED.

SIGNED this 16th day of May, 2007.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE