IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRENDA SHAW, Individually and as next friend to CARL MCCALISTER, A minor, LAKISHA MCCALISTER, and JOHN MCCALISTER | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. SA-06-CV-751-XR |
| PHIL HARDBERGER, Mayor, City of San Antonio, in his official capacity, CITY OF SAN ANTONIO, SAPD OFFICERS K. ALLEN, R. LUNA, JASON J. BRISENO, CASEY CAMPOS, GERALD FULLER, and DAVID MCELWAIN, Individually and in their official capacities, | § § § § § § § § § | |
| *Defendants*. | § | |

**ORDER ON MOTION TO RECONSIDER**

On this day, the Court considered Plaintiff Lakisha McCalister's motion for the Court to reconsider its Order of January 5, 2010, which granted Defendants' motion for summary judgment (Docket Entry No. 108). Having considered the motion, the record, and the relevant authority, the motion is hereby DENIED.

**Background and Relevant Procedural History**

This lawsuit arises from a domestic dispute between siblings that resulted in officers of the San Antonio Police Department being dispatched to the Plaintiff's residence. In the course of placing certain individuals in custody, family members engaged in an altercation with police, resulting in the arrest of three family members. Plaintiffs Brenda Shaw, Carl McCalister, John McCalister, and Lakisha McCalister filed suit, alleging violations of state and federal law.

The Court dismissed some of the Plaintiffs' claims, and following a motion for summary judgment on behalf of the remaining Defendants, the Court entered summary judgment in favor of the Defendants on all of Plaintiffs' claims. (*See* Order on Mot. for Summ. J. (Jan. 5, 2010) [Docket Entry No. 106]; Judgment (Jan. 5, 2010) [Docket Entry No. 107].) On January 13, 2010, Lakisha McCalister moved the Court to reconsider its order on summary judgment. (Mot. to Reconsider Order Dismissing Pl.s' Claims Under 42 U.S.C. § 1983 (Jan. 13, 2010) [Docket Entry No. 108].)

**Legal Standard**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name. *See Lavespere v. Niagara Mack & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1991), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). However, the Fifth Circuit has held that a motion for reconsideration should be treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days[1] of the judgment at issue or as a motion for relief from a judgment or order under Rule 60(b) when filed after ten days of the challenged order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004); *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002); *see also* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment.). Application of Rules 59(e) and 60(b) requires entry of a final judgment. *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) ("The policy interests underlying Rules 59 and 60, securing the finality of judgments, were not implicated in this case because the action was still proceeding against other defendants in the district court."). Here, the Court entered judgment on this

---

[1] The revised Federal Rules of Civil Procedure, which took effect on December 1, 2009, provide a party with twenty-eight days to file a motion to alter or amend a judgment. *See* FED. R. CIV. P. 59(e).

2

case on January 5, 2010. Plaintiff filed her motion to reconsider on January 13, 2010. As a result, the Court will evaluate the motion in accordance with the standards of Rule 59(e).

Reconsideration is an "extraordinary remedy" that courts should use "sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Id.* at 355. To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).

**Analysis**

Here, McCalister argues that she was not provided with notice by Defendants' motion for summary judgment that they claimed McCalister was not injured by Officer Katie Allen. She contends that the Court may not grant summary judgment based on grounds not set forth by the moving party. The Court will interpret Plaintiff's arguments in accordance with the third basis by which a Court may reconsider is judgment under Rule 59(e): the need to correct a clear or manifest error of law or fact or to prevent manifest injustice.

3

Defendants' motion for summary judgment raises the issue of qualified immunity, and articulates the standard that applies to the parties when a defendant raises a defense of qualified immunity. (*See* Def.s' Mot. for Summ. J. 12–13 (Nov. 20, 2009) [Docket Entry No. 94].) The Order on the Motion for Summary Judgment states clearly:

> Even if the Court accepts her testimony in a light favorable to the Plaintiffs, there is no assertion as to what injury was sustained *nor is there any declaration that the force used was objectively unreasonable. Given the commotion that ensued, it was likely that there was contact between the parties*, however, McCalister's declarations fail to assert an injury from Allen's actions, even assuming that the events transpired as McCalister attests.

(Order on Mot. for Summ. J. 16 (emphasis added).)

Here, the Court provides the reason for its dismissal; a reason for which Plaintiff was on notice based on Defendants' motion for summary judgment. As an additional basis, in light of evaluating Defendants' motion based on their qualified immunity claim, it is necessary to determine whether McCalister alleged a violation of a constitutional right. Such an analysis requires an evaluation of Plaintiff's claim for excessive force. *See, e.g., Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005). As noted, none of Plaintiff's affidavits sufficiently met the requirements for Plaintiff to overcome Defendants' qualified immunity defense.

**Conclusion**

Plaintiff has failed to clearly establish either a manifest error of law or fact. As a result, Plaintiff's motion for reconsideration is DENIED.

It is so ORDERED.

SIGNED this 15th day of January, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE