IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRENDA SHAW, Individually and as next friend to CARL MCCALISTER, A minor, LAKISHA MCCALISTER, and JOHN MCCALISTER<br><br>  *Plaintiffs*,<br><br>v.<br><br>PHIL HARDBERGER, Mayor, City of San Antonio, in his official capacity, CITY OF SAN ANTONIO, SAPD OFFICERS K. ALLEN, R. LUNA, JASON J. BRISENO, CASEY CAMPOS, GERALD FULLER, and DAVID MCELWAIN, Individually and in their official capacities,<br><br>  *Defendants*. | § § § § § § § § § § § § § § § § § § § | Civil Action No.  SA-06-CV-751-XR |

**ORDER ON COSTS**

On this day, the Court considered Plaintiffs' Motion to Retax Costs (Docket Entry No. 125). Having reviewed the motion and Defendants' request for costs, the motion is GRANTED IN PART AND DENIED IN PART.

**Background and Procedural History**

Defendants were the prevailing parties on summary judgment. The Court granted summary judgment for Defendants regarding Plaintiffs' claims for violation of their constitutional rights pursuant to 42 U.S.C. § 1983, common-law tort claims, and violation of the Texas Penal Code.[1]

---

[1] Order on Mot. for Summ. J., Jan. 5, 2010 (Docket Entry No. 106).

Defendants timely submitted a bill of costs,[2] which the Clerk taxed in the amount of $928.20.[3] Plaintiffs timely moved for the Court to retax costs.[4]

## Legal Standard

Federal Rule of Civil Procedure 54(d) provides that costs "should be allowed to the prevailing party." FED. R. CIV. P. 54(d). The Court may review the Clerk's action upon a motion served within seven days from the day the Clerk taxed costs. *Id.* There is a strong presumption that a prevailing party will receive costs. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir.), *cert. denied*, -- U.S. ----, 127 S.Ct. 299, 166 L.Ed.2d 154 (2006). A court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).[5]

Section 1920 of Title 28 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S.

---

[2] Bill of Costs, Jan. 19, 2010 (Docket Entry No. 110).

[3] Clerk's Mem. on Taxation of Costs, Apr. 6, 2010 (Docket Entry No. 124).

[4] Mot. to Retax Costs, Apr. 6, 2010 (Docket Entry No. 125).

[5] Although the Fifth Circuit has not explicitly adopted factors that would justify a good reason to deny costs, the Court of Appeals noted that courts in other circuits have denied costs for the following reasons: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir.) (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (1998)), *cert. denied*, -- U.S. ---, 127 S.Ct. 299, 166 L.Ed.2d 154 (2006). The Court specifically stated: "These reasons are enumerated only for the purpose of exposition. We do not decide whether any of these is a sufficient reason to deny costs." *Id.* at 794 n.8.

437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).  Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920.  *Id.*  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

## Analysis

Plaintiffs argue that taxation of costs against them would cause an undue financial hardship on them.  They note that although they did not proceed in this case *in forma pauperis*, Magistrate Judge Pamela A. Mathy has assessed them as financially qualified to claim this status.  Plaintiffs have provided no Fifth Circuit authority to support their argument that the Court should consider a party's financial status in assessing costs.  In any case, *in forma pauperis* status would not excuse the assessment of costs.  Allowing indigent parties to avoid court costs based on nothing other than

their indigent status appears to contravene Congress's intent in stating that judgment may be rendered for costs at the conclusion of an proceeding brought *in forma pauperis* "as in other proceedings." 28 U.S.C. § 1915(f)(1); *see also Calton v. City of Garland*, 170 Fed. Appx. 338 (5th Cir. 2006). Section 1915 of Title 28 allows a plaintiff to proceed with a suit without paying costs up front, but an *in forma pauperis* plaintiff may ultimately be liable for costs if his claim falls short. *See Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990). While the Court is sympathetic to the Plaintiffs' financial situation, Plaintiffs have failed to present the Court with a sufficient basis for deviating from the presumption that the prevailing party be awarded costs.

In any case, the Court can only award costs for the items enumerated in 28 U.S.C. § 1920. Defendants seek costs in the amount of $650.50 for Plaintiff Brenda Shaw's deposition, $138.85 for a certificate of non-appearance for Plaintiff Lakisha McCalister's deposition, and $138.85 for witness Carl McCalister's deposition. Section 1920 does not authorize costs for certificates of non-appearance.[6] *See* 28 U.S.C. § 1920; *Canion v. United States*, No. EP-03-CA-347-FM, 2005 WL 2216881, at *3 (W.D. Tex. Sept. 9, 2005). The cost of Plaintiff Shaw's deposition is authorized by section 1920. 28 U.S.C. § 1920(2).

**Conclusion**

Plaintiffs' motion to retax costs is GRANTED IN PART AND DENIED IN PART. The Clerk is ORDERED to tax costs in favor of Defendants and against Plaintiffs as follows: fees for

---

[6]Plaintiffs object to the cost assessed for the certificate of non-appearance for Lakisha McCalister but do not object to the cost assessed for the certificate of non-appearance for Carl McCalister. Plaintiffs also claim in the motion, with no supporting evidence, that Defendants did not notify Lakisha McCalister of her deposition. It is not necessary for the Court to consider these issues as Defendants are not entitled to the costs for both certificates of non-appearance.

printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $650.50.

It is so ORDERED.

SIGNED this 7th day of April, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE