# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRENDA SHAW, Individually and as next friend to CARL MCCALISTER, A minor, LAKISHA MCCALISTER, and JOHN MCCALISTER | § § § § | |
| | § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No.  SA-06-CV-751-XR |
| PHIL HARDBERGER, Mayor, City of San Antonio, in his official capacity, CITY OF SAN ANTONIO, SAPD OFFICERS K. ALLEN, R. LUNA, JASON J. BRISENO, CASEY CAMPOS, GERALD FULLER, and DAVID MCELWAIN, Individually and in their official capacities, | § § § § § § § § § | |
| *Defendants*. | § § | |

## ORDER ON MAGISTRATE JUDGE'S MEMORANDUM & RECOMMENDATION

On this day the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case (Docket Entry No. 119).  After careful consideration of the Report and Recommendation and Plaintiffs' objections, this Court ACCEPTS the Magistrate Judge's recommendation to deny Plaintiff's motion to proceed *in forma pauperis* on appeal because Plaintiffs have not alleged a nonfrivolous ground for appeal.

### Background

Plaintiffs filed suit against six police officers of the San Antonio Police Department and the City of San Antonio following events that transpired on May 14, 2006, in which the officers were called to a domestic disturbance at Plaintiff Brenda Shaw's home, resulting in her arrest, the arrest of her daughter Plaintiff Lakisha McCalister, and her then minor son.

**Procedural History**

Following the dismissal of some claims and the City of San Antonio as a Defendant, the remaining Defendants moved for summary judgment on Plaintiffs' remaining claims against them: state law intentional tort claims, violations of the Texas Penal Code, and violations of constitutional rights pursuant to 42 U.S.C. § 1983.  The Court granted summary judgment for Defendants on the grounds that the tort claims were barred as a matter of law, that Plaintiffs could not assert claims pursuant to the Texas Penal Code, and that Defendants were entitled to qualified immunity on Plaintiffs' Section 1983 claims.  Plaintiffs moved the Court to reconsider its order, which the Court denied.  The Court specifically noted that Defendants' claim of qualified immunity placed Plaintiff on notice that it needed to overcome the defense.  Plaintiffs filed a notice of appeal and then sought leave to proceed *in forma pauperis* on appeal.[1]  The Court referred the motion to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).  On March 5, 2010, the Magistrate Judge issued a report and recommendation that found that Plaintiffs' financial status qualified them to proceed *in forma pauperis*, but they failed to present a non-frivolous basis for appeal.[2]  Plaintiffs timely objected to the report and recommendation.[3]

**Legal Standard**

In reviewing the Magistrate Judge's report and recommendation, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically

---

[1]Mot. for Leave to Proceed In Forma Pauperis, Feb. 12, 2010 (Docket Entry No. 112). Plaintiffs did not pursue the case *in forma pauperis* before the district court.

[2]Corrected Report & Recommendation of the U.S. Magistrate Judge, Mar. 5, 2010 (Docket Entry No. 119).

[3]Objections to Report & Recommendation, Mar. 19, 2010 (Docket Entry No. 123).

objected.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.  *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989).  A party may serve and file objections to the order within fourteen days.  FED. R. CIV. P. 72(a), (b)(2).  "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

### Analysis

In Plaintiffs' motion for leave to proceed *in forma pauperis*, they stated the following:

> Plaintiffs appeal the decision of the district court in granting summary judgment in favor of defendants.  Such decision was an incorrect application of law and fact including but not limited to:  qualified immunity did not apply to the officers in the above entitled case as their acts were excessive and were clearly known to violate the Constitutional rights of plaintiff(s); law of case bars successive motions for summary judgment; plaintiff had no opportunity to address the issue of injury which was raised *sua sponte*; false arrest/false imprisonment was improperly dismissed and state law claims were properly before the court.[4]

The Magistrate Judge's report and recommendation stated that the Court could not conclude "based on the summary listing of proposed claims included in the joint application, repeated in each

---

[4]Mot. ¶ 3, at 1–2.

plaintiff's affidavit, that plaintiffs have identified a non-frivolous, meritorious ground for appeal."[5] The Magistrate Judge addressed Plaintiffs' arguments regarding law of the case, noted that the issue of injury and damages are elements of plaintiffs' claims, which were raised and addressed before the district court, and that the other issues identified by plaintiffs are conclusory and are resubmissions of the arguments presented to the district judge.

Plaintiffs object to the Magistrate Judge's evaluation of the other issues for appeal as conclusory. They state that: "Without specific reference it is impossible to object other than in a similar manner."[6] Plaintiff contends that the facts were not construed in a light most favorable to them and that their facts did not appear to be addressed at all. They claim that: "if the argument could have been raised at the motion for summary judgment level it should have been. If a new argument is raised in a motion to reconsider it is procedurally improper and it should have been raised upon plaintiff's first response to the motion for summary judgment."[7] It is not clear what Plaintiffs are seeking. In any case, the Court will evaluate each of the arguments the Magistrate Judge considered conclusory.

Defendants raised a defense of qualified immunity and argued this point on summary

---

[5]Report & Recommendation at 5.

[6]Plaintiffs are represented by counsel and proceeded on summary judgment and at this stage with legal representation. While the Court acknowledges counsel's zealous advocacy of his clients and recognizes that counsel may disapprove of the Magistrate Judge's assessment of his arguments, the Court notes the pejorative connotation in the objection to the Magistrate Judge's report and recommendation. Counsel is reminded to adhere to the rules of decorum established in the Local Rules of the Western District of Texas, which state that "A lawyer must display a courteous, dignified and respectful attitude toward the judge presiding, not for the sake of the judge's person, but to show respect for and confidence in the judicial office." L.R. AT-5(c) (W.D. Tex.).

[7]Objections at 2.

judgment.  Plaintiffs responded in opposition to this argument.  The Court considered their argument in accordance with summary judgment standards and determined that Plaintiffs failed to meet their burden to overcome a defense of qualified immunity.  *See Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008) (citing *Michaelik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005)).  Plaintiffs seek to appeal on the grounds that Defendants' "acts were excessive and were clearly known to violate the Constitutional rights of plaintiff(s)."  Plaintiffs present no reason why this is the case and how they met the requirements to overcome a defense of qualified immunity.

Plaintiffs assert that false arrest/false imprisonment claims were improperly dismissed.  Plaintiffs do not state why this is the case.  The issue was raised on summary judgment, Plaintiffs responded, and the Court found that qualified immunity applied as there was probable cause upon the facts then available to the officers to arrest Plaintiffs.

Plaintiffs assert that state law claims were properly before the Court.  Plaintiffs do not state why this was the case.  Defendants moved for summary judgment that the state law claims were barred in light of the Texas Supreme Court's opinion in *Mission Consolidated Independent School District v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008).  While Defendants argued that the ruling did not apply, the Court addressed the retroactive application of Texas Supreme Court cases to pending cases in accordance with Texas law.  Plaintiffs were therefore unable to pursue their state law claims.

Plaintiffs also assert that the issue of injury and damages were not raised by Defendants in their motion for summary judgment.  Plaintiffs then reviewed the text of Defendants' motion, searching for the word "injury."  They then state that the party moving for summary judgment bears the burden of informing the court and the non-moving party which portions of the record the moving

5

party believes demonstrate an absence of disputed material fact. Plaintiffs, however, fail to address Defendants' assertion of qualified immunity. "In the context of a party asserting immunity in a summary judgment motion, '[t]he moving party is not required to meet its summary judgment burden for a claim of immunity. It is sufficient that the movant in good faith pleads that it is entitled to absolute or qualified immunity. Once the [movant] asserts this affirmative defense, the burden *shifts* to the plaintiff to rebut it." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003)). Here, the Defendants asserted a defense of qualified immunity. The Court then evaluated whether a statutory or constitutional right would have been violated on the facts alleged. *Saucier v. Katz*, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Aucoin v. Haney*, 306 F.3d 268, 272 (5th Cir. 2002). "Injury" is an element of Plaintiffs' claims, which they faced the burden of establishing upon Defendants' claim of qualified immunity on summary judgment.[8] Defendants explicitly asserted their defense of qualified immunity on summary judgment, and Plaintiffs were on notice, as the individuals asserting their Section 1983 claim, of the elements required to establish their claim. They did not do so. The Court addressed this argument in its order denying Plaintiffs' motion for reconsideration.[9]

A court may authorize the appeal of a civil suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of assets and states the nature of the

---

[8]The Court outlined the elements for Plaintiffs' claim for excessive force: "To bring a section 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that she was seized. *See Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Next she must show that she suffered *(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need* and that (3) the force used was objectively unreasonable. *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000)." Order on Mot. for Summ. J. 15, Jan. 5, 2010 (Docket Entry No. 106) (emphasis added).

[9]Order on Mot. for Reconsideration, Jan. 15, 2010 (Docket Entry No. 109).

appeal.  *See* 28 U.S.C. § 1915(a)(1).  Plaintiffs' motion states the issues that the party intends to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  "Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for *in forma pauperis* status if it is not taken in good faith."  *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983).  "The inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"  *Id.* at 220 (quoting *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)).  Here, Plaintiffs have not presented legal points that are arguable on the merits.[10]  The Court cannot conclude that the Plaintiffs have presented a non-frivolous issue for appeal and their request to proceed *in forma pauperis* on appeal is denied.  As the Magistrate Judge noted, a ruling by the district court on leave to appeal *in forma pauperis* "does not preclude plaintiffs from asking for leave to proceed IFP on appeal in the United States Court of Appeals for the Fifth Circuit."  This Court defers to the Fifth Circuit's ultimate determination.

---

[10]The Court again notes that these arguments are not being presented by *pro se* litigants. Counsel's arguments do not rise to the level of presenting legal points that are arguable on the merits.

**Conclusion**

Having reviewed the Report and Recommendation of the Magistrate Judge and Plaintiffs' objections, the Court will ACCEPT the Magistrate Judge's recommendation to deny Plaintiffs' motion to proceed *in forma pauperis* on appeal.  It is therefore ORDERED that Plaintiffs' motion to proceed *in forma pauperis* on appeal is DENIED.

It is so ORDERED.

SIGNED this 8th day of April, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE